

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

TAMMY RANDLE,   )
                )   Case No. 3:13cv698 (GCM)
        Plaintiff,   )
                )
    v.          )
                )
P.N. FINANCIAL INC., an Illinois corporation;   )
and NELSON MACWAN, individually and as   )
President of P.N. FINANCIAL INC.,   )
                )   **JURY TRIAL DEMANDED**
        Defendants.   )

## COMPLAINT

1.   Plaintiff, Tammy L. Randle, brings this action to secure redress from the unlawful

debt collection practices of Defendants P.N. Financial Inc. and Nelson Macwan, in

violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*,

Fair Credit Reporting Act ("FCRA") and North Carolina Debt Collection Act ("NCDCA")

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.   Venue and personal jurisdiction are proper because: (1) Defendant P.N. Financial Inc.

maintains its principal place of business and headquarters in Illinois; (2) Defendant

Macwan resides and does business in Illinois; and (3) a substantial part of the events

giving rise to Plaintiff's claims occurred in Plaintiff's District of North Carolina.

### PARTIES

5.   Plaintiff, Tammy Randle, is a natural person and a resident of Charlotte, North

Carolina.

6. Defendant P.N. Financial Inc. d/b/a P.N. Financial & Associates ("P.N. Financial")
is an Illinois corporation with its principal place of business at 7330 North Cicero
Avenue, Suite 219, Lincolnwood, Illinois 60712.

7. Defendant Nelson Macwan is a natural person and resident of Skokie, Illinois. Mr.
Macwan is the President of P.N. Financial. At all times relevant hereto, Mr. Macwan
formulated, directed, controlled, had authority to control, and participated in the acts
and practices of P.N. Financial, including the acts and practices set forth in this
Complaint.

## FACTS APPLICABLE TO ALL COUNTS

8. At all times relevant hereto, the Orchard Bank Credit Card brand was owned or
provided by HSBC or an HSBC predecessor company, whether by acquisition, merger,
renaming, or otherwise, including but not limited to Household Bank ("HHB")
(collectively, "HSBC"). On information and belief, **Orchard Bank merged into HHB**
**on or around February 2000, and HHB was subsequently renamed HSBC in or**
**around March 2005.**

9. Plaintiff was contacted by P.N. Financial, a collection agency attempting to collect an
alleged debt on behalf of HSBC and Providian Financial Corp ("Providian").

10. Despite Plaintiff informing the Defendants that she did not owe a debt to Providian or
Orchard Bank, nor had she made any payments to them, Plaintiff began receiving letters
from Defendants in or around early 2007, which demanded payment of an alleged debt
previously owed in connection with Orchard Bank Credit Card account and Providian
Financial Corp.

11. After being informed by Plaintiff in or around the Summer of 2009 that she disputed
the debt and that she would not be providing any money to Defendants, Defendants failed
to verify the status of the alleged debt and, instead, continued to attempt to collect from
Plaintiff through further telephone calls and letters.

12. Plaintiff moved several times over the years and in so doing Defendants made calls to her sister attempting to locate Plaintiff by phone.

13. In fact, Defendant called Plaintiff's sister in or around December of 2012, attempting to obtain Plaintiff's personal phone number. However, Plaintiff's sister never revealed her phone number to Defendants.

14. Despite the assertion in each of Defendants' letters that "there is still time to avoid any interest and/or penalties if you resolve this matter [by a set date,]" and "this will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties" and " they "will have exhausted all methods of resolution" absent Plaintiff's acceptance of their terms and conditions by such date, Defendants continued to send Plaintiff collection letters offering *increasing* amounts to settle an alleged debt of $6,289.45 for $3,459.20 in connection with Plaintiff's alleged Providian account and $3,867.16 for $5,949.48 in connection with Plaintiff's alleged Orchard Bank Credit Card account. (See, e.g., **Ex. 3.**)

15. Plaintiff has no knowledge of ever owing any amount to any party in connection with a prior Orchard Bank Credit Card account or Providian Financial Corp account.

16. Plaintiff sent a written request for validation to Defendants on August 15, 2013 in which they received on August 18, 2013. Since this time, Plaintiff has received no more communications from Defendant nor have they sent verification or validation of the alleged debt that they have attempted to collect for the past nine years.

17. Defendants ceased to respond to Plaintiff after such request for validation was made by Plaintiff.

18. Plaintiff is aware that Defendants are not currently licensed to operate in North Carolina and do not hold the required insurance permit with the North Carolina Department of Insurance.

**COUNT I**
Violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

19. Plaintiff re-alleges and incorporates herein Paragraphs 1-18, above.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

21. Defendants each constitute a "debt collector" as defined by 15 U.S.C. § 1692a(6), in that they use interstate mailings and other instrumentalities of interstate commerce in their business, the principal purpose of which is the collection of debts. On information and belief, Defendants also regularly collect and attempt to collect debts owed or due or asserted to be owed or due others, and Defendant P.N. Financial is not a licensed collection agency with the North Carolina Department of Insurance.

22. Starting in or around 2004 and into May of 2013, Defendants repeatedly sent letters to Plaintiff, stating that Plaintiff owed approximately $6,345.82 in connection with a prior Orchard Bank credit card and Providian Financial Corp accounts, and offering to settle for approximately $5,949.48 and $3,459.20 respectively. (See, e.g., **Ex. A.**)

23. Defendants failed to verify that any amount was actually owed and persisted in attempting to collect a false debt after being informed that there was no debt.

24. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" including but not limited to "[t]he false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

25. By falsely informing Plaintiff through collection letters and phone calls that she owed an amount in connection with prior credit card accounts when there was no debt and no amount was actually due or owing. Defendant used false, deceptive, and misleading representations and means in connection with the attempted collection of an alleged debt through falsely representing the alleged debt's character, amount, and legal status, in violation of Section 1692e(2)(A) of the FDCPA.

26. The FDPCA also prohibits a debt collector from threatening to take an action that could not legally be taken or that was not intended to be taken, as well as from using any false representation or deceptive means to attempt to collect any debt. 15 U.S.C. § 1692e(5) and (10).

27. The Defendant's conduct violated 15 U.S.C. § 1692g(a) by not acknowledging Plaintiff's validation request within five (5) days of receipt.

28. Defendants' letters to Plaintiff each state that the particular letter constitutes "final notice" and Plaintiff's "final opportunity to resolve this matter without the additional expenses of penalties/or interest." (See, e.g., **Ex. A.**) Among other things, each of Defendants' letters informs Plaintiff that "there is still time to avoid any interest and/or penalties if you resolve this matter [by a set date]" and that, absent Plaintiff's acceptance of their terms and conditions by such date, they will have "exhausted all methods of resolution." (See, e.g., **Ex. A.**)

29. Such "final notice" language in Defendants' letters violates Section 1692e(5) of the FDCPA by improperly threatening to take action that cannot legally be taken or which is not intended to be taken, especially where: (1) Plaintiff cannot be subjected to any interest or penalties because she does not owe the asserted debt; and (2) it is evident that Defendants did not actually intend to take such further actions where—despite the misleading representation that each letter was "final"—additional "final notice" collection letters continue to be sent to Plaintiff for the same amount.

30. In truth, Defendants used such "final notice" language as a means of attempting to unfairly pressure Plaintiff into paying the amount demanded by deceiving her into believing that she will be subjected to "interest and/or penalties" if she fails to pay by the date stated, in violation of the FDCPA's prohibition against using false representations or deceptive means to attempt to collect an alleged debt. *See* 15 U.S.C. § 1692e(10).

31. Further, Section 1692c(b) of the FDCPA provides that, absent the consumer's express consent, judicial permission, or as reasonably necessary to effect a postjudment judicial remedy, "... a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector[,]" except as provided in Section 1692b. Section 1692b of the FDCPA only authorizes a debt collector to contact a third party in connection with a consumer's debt for the limited purpose of acquiring location information about the consumer.

32. Therefore, the fact that Defendants' representative contacted Plaintiff's family member after Plaintiff refused to provide payment constituted a false, misleading, and deceptive representation in connection with the attempted collection of a debt, in violation of Section 1692e(5) and (10) of the FDCPA, where: (1) Defendants had already acquired Plaintiff's contact information and thus had no legal basis for communicating with Plaintiff's family member pursuant to Section 1692b; (2) Defendants were not otherwise permitted to contact Plaintiff's family member in connection with the attempted collection of any asserted debt pursuant to Section 1692c(b); and (3) even knowing the identity of Plaintiff's family member, it is apparent that Defendants had to seek her family member out in order to be able to make contact. In fact, the act of Defendants contacting Plaintiff's family member constituted another deceptive attempt at pressuring Plaintiff into paying the amount wrongfully demanded by Defendants.

33. The FDCPA also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt[,]" including but not limited to "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

34. Thus, by attempting to obtain payment by informing Plaintiff that she owed amounts in connection with prior credit cards when such debt does not exist, Defendants used unfair and unconscionable means to attempt to collect a purported debt by attempting to collect payment not expressly authorized by any agreement or permitted by law, in violation of Section 1692f(1) of the FDCPA.

35. Defendants have, therefore, violated the general provisions of Sections 1692e and 1692f of the FDCPA, as well as of Sections 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1), specifically. As such, Plaintiff Randle is entitled, at the Court's discretion, to statutory damages of up to $4,000, as well as fees and costs; *15 U.S.C. § 1692k(a).*

36. Defendant's conduct was done intentionally and not as a result of any bona fide error. On information and belief, Defendants maintain no procedures reasonably adopted to avoid the error complained of herein, especially given Defendants' history of using intentional deceptive indication that each letter constituted Plaintiff's last chance to avoid penalties or interest, as well as their persistence in contacting Plaintiff about the false amount owed after being specifically informed there was none.

## COUNT II
### Violations of the NCDCA, North Carolina Debt Collection Act
### N.C. Gen. Stat. § 58-70, *et seq.*

37. The Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. Defendant P. N. Financial, is a "collection agency" as defined by N.C. Gen. Stat.§ 58-70-90(1).

39. The Plaintiff is a "person" as the term is defined by N.C. Gen. Stat. § 58-70-6(4).

40. The Defendant is a "collection agency" as the term is defined by N.C. Gen. Stat. § 58-70-15, and is not duly licensed to collect debts in the state of North Carolina as required by N.C. Gen. Stat. § 58-70-1.

41. The Defendants caused a telephone to ring with such frequency as to be unreasonable or to constitute harassment to the Plaintiff under the circumstances, in violation of N.C. Gen. Stat. § 58-70-100(3).

42. Defendants communicated with persons other than the Plaintiff, in violation of N.C. Gen. Stat. § 58-70-105(1).

43. Defendants' offers of settlement to Plaintiff continued to increase. In so doing, by attempting to collect from Plaintiff interest or other charges, fees or expenses incidental to the alleged principal debt unless legally entitled to such fee or charge, Defendants violated N.C. Gen. Stat.§ 58-70-115(2).

### Plaintiff Suffered Actual Damages

44. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

45. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation and anger.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tammy Randle prays that this Honorable Court award the following relief:

(a) Statutory damages of $1,000.00 against each Defendant; pursuant to 15 U.S.C. §1692k(a)(2)(A)

(b) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant

(c) Fees and costs of suit; and

(d) Actual damages pursuant to N.C. Gen. Stat. § 58-70-130(a);

(e) Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen. Stat. § 58-70-130(b) and § 58-70-130(c);

(f)     Actual damages from Defendant for the all damages including

Emotional distress suffered as a result of the intentional, reckless,

and/or negligent FDCPA and North Carolina state law violations in

an amount to be determined at trial for the Plaintiff; and

(g)     Such other and further relief as may be just and proper.


### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: 12/17/13

Respectfully submitted,

TAMMY RANDLE

# EXHIBIT A



## P.N. FINANCIAL
P.O. Box 1431
Skokie, IL. 60076
Office: 877-588-5155   Fax: 847-675-5039

05/31/2013

TAMMY RANDLE
615 FAIRWOOD AVE
CHARLOTTE, NC 28203-5417
52247

**P.N. File #: 52247**
**Original creditor: HSBC-Orchard Bank**
**Original account #: 4031142200409295**
**Current balance: $5,949.48**

****** **FINAL NOTICE** ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **June 14, 2013** if you have not accepted our terms and conditions, we will have exhausted all voluntary methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$5,949.48**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **June 14, 2013**. Be advised that after **June 14, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

P.N. Financial has agreed to accept the amount of **$3,867.16** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **June 14, 2013**, dated no later than **June 28, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

Sincerely,

**Beth Anderson**
1-877-588-5155

This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Payment options:
  - ₀ Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

  - ₀ Check-by-phone

  - ₀ Money Gram: receive code - **5297**; company name - **P.N. Financial**; P.N. account # - **52247**

  - ₀ Mailing instructions
    P.N. Financial
       Attn: Payment processing center
    P.O. Box 1431
    Skokie, IL  60076



**P.N. FINANCIAL**
P.O. Box 1431
Skokie, IL. 60076
Office: 877-588-5155  Fax: 847-675-5039

05/31/2013

TAMMY RANDLE
615 FAIRWOOD AVE
CHARLOTTE, NC 28203-5417
12664

**P.N. File #: 12664**
Original creditor: PROVIDIAN FINANCIAL CORP
Original account #: 4031142200409295
Current balance: $6,289.45

****** FINAL NOTICE ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **June 14, 2013** if you have not accepted our terms and conditions, we will have exhausted all voluntary methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$6,289.45**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **June 14, 2013**. Be advised that after **June 14, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

P.N. Financial has agreed to accept the amount of **$3,459.20** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **June 14, 2013**, dated no later than **June 28, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

Sincerely,

**Beth Anderson**
1-877-588-5155

This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Payment options:
- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram: receive code - **5297**; company name - **P.N. Financial**; P.N. account # - **12664**

- Mailing instructions
  P.N. Financial
    Attn: Payment processing center
  P.O. Box 1431
  Skokie, IL  60076



### P.N. FINANCIAL
P.O. Box 1431
Skokie, IL. 60076
Office: 877-588-5155  Fax: 847-675-5039

03/29/2013

**P.N. File #: 12664**

**TAMMY RANDLE**
**615 FAIRWOOD AVE**
**CHARLOTTE, NC 28203-5417**
**12664**

**Original creditor: PROVIDIAN FINANCIAL CORP**
**Original account #: 4031142200409295**
**Current balance: $6,289.45**

****** FINAL NOTICE ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **April 12, 2013** if you have not accepted our terms and conditions, we will have exhausted all voluntary methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$6,289.45**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **April 12, 2013**. Be advised that after **April 12, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

P.N. Financial has agreed to accept the amount of **$3,459.20** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **April 12, 2013**, dated no later than **April 26, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

Sincerely,

**Beth Anderson**
1-877-588-5155

**This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

Payment options:
- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram: receive code - **5297**; company name - **P.N. Financial**; P.N. account # - **12664**

- Mailing instructions
  P.N. Financial
    Attn: Payment processing center
  P.O. Box 1431
  Skokie, IL  60076



**P.N. FINANCIAL**
P.O. Box 1431
Skokie, IL. 60076
Office: 877-588-5155  Fax: 847-675-5039

**02/15/2013**

**P.N. File #: 12664**

TAMMY RANDLE
615 FAIRWOOD AVE
CHARLOTTE, NC 28203-5417
12664

**Original creditor: PROVIDIAN FINANCIAL CORP**
**Original account #: 4031142200409295**
**Current balance: $6,289.45**

###### ****** FINAL NOTICE ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **February 28, 2013** if you have not accepted our terms and conditions, we will have exhausted all voluntary methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$6,289.45**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **February 28, 2013**. Be advised that after **February 28, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

P.N. Financial has agreed to accept the amount of **$3,459.20** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **February 28, 2013**, dated no later than **March 15, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

Sincerely,

**Beth Anderson**
1-877-588-5155

**This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

Payment options:
- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram: receive code - **5297**; company name - **P.N. Financial**; P.N. account # - **12664**

- Mailing instructions
  P.N. Financial
    Attn: Payment processing center
  P.O. Box 1431
  Skokie, IL 60076



## P.N. FINANCIAL
P.O. Box 1431
Skokie, IL. 60076
Office: 877-588-6670  Fax: 847-675-5039

December 31, 2012

**P.N. File #: 12664**

**TAMMY RANDLE**
**615 FAIRWOOD AVE**
**CHARLOTTE, NC 28203-5417**
**12664**

**Original creditor: PROVIDIAN FINANCIAL CORP**
**Original account #: 4031142200409295**
**Current balance: $6,289.45**

### ****** FINAL NOTICE ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **January 11, 2013** if you have not accepted our terms and conditions, we will have exhausted all voluntary methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$6,289.45**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **January 11, 2013**. Be advised that after **January 11, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

P.N. Financial has agreed to accept the amount of **$3,459.20** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **January 11, 2013,** dated no later than **January 25, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

Sincerely,

**Glen Pellettrei**
1-877-588-6670

**This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

Payment options:
- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram: receive code - **5297**; company name - **P.N. Financial**; P.N. account # - **12664**

- Mailing instructions
  P.N. Financial
    Attn: Payment processing center
  P.O. Box 1431
  Skokie, IL  60076



### P.N. FINANCIAL
P.O. Box 1431
Skokie, IL. 60076
Office: 877-588-6670  Fax: 847-675-5039

6/12/2012

**P.N. File # 12664**

**TAMMY RANDLE**
**615 FAIRWOOD AVE**
**CHARLOTTE, NC 28203-5417**
**12664**

**Creditor: PROVIDIAN FINANCIAL CORP**
**Account: 4031142200409295**
**Current amount: $6,289.45**

****** FINAL NOTICE ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **June 27, 2012** if you have not accepted our terms and conditions, we will have exhausted all methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$6,289.45**. However, there is still time to avoid any interest and/or penalties if you resolve this matter **June 27, 2012**. This will be your final opportunity to resolve this matter without the additional expense of penalties/or interest.

We agree to accept the settlement amount of **$3,773.67.** . In order to take advantage of this offer you must have a payment in our office by **June 27, 2012,** dated no later than **June 29, 2012.** Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above referenced account. We are not obligated to renew this offer.

Sincerely,

**Glen Pelletteri**
P.N. Financial & Associates
1-877-588-6670

This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Payment options:
- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram: receive code - **5297**; company name -"pnfinancial;" P.N. Account # **12664**

- Mailing instructions:
  P.N. Financial
  Attn: Payment processing center
  P.O. Box 1431
  Skokie, IL. 60076



### P.N. FINANCIAL
P.O. Box 1431
Skokie, IL. 60076
Office:866-588-7730  Fax: 847-675-5039

9/5/2012

**TAMMY RANDLE**
**615 FAIRWOOD AVE**
**CHARLOTTE, NC 28203-5417**
**52247**

**P.N. File #: 52247**
**Original creditor: HSBC-Orchard Bank**
**Original account #: 4031142200409295**
**Current balance: $5,949.48**

****** FINAL NOTICE ******

Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of **September 14, 2012** if you have not accepted our terms and conditions, we will have exhausted all voluntary methods of resolution.

You have been repeatedly advised of your long overdue balance in the amount of **$5,949.48**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **September 13, 2012**. Be advised that after **September 13, 2012** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

P.N. Financial has agreed to accept the amount of **$2,027.03** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **September 13, 2012**, dated no later than **September 21, 2012**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

Payment plans are available for those who qualify.

Sincerely,

**Jacob Cohen**
1-866-588-7730

**This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

Payment options:
- Credit card ( Visa, MasterCard, Discover, debit card with Visa or MasterCard logo )

- Check-by-phone

- Money Gram: receive code - **5297**; company name - **P.N. Financial**; P.N. account # -**52247**

- Mailing instructions
  P.N. Financial
  Attn: Payment processing center
  P.O. Box 1431
  Skokie, IL  60076

# EXHIBIT B

**INTERROGATORIES Depositions for Disclosure & Discovery
ALLEGED DEBT COLLECTOR/CREDITOR DISCLOSURE STATEMENT
Re "Offer of Performance"**

*This statement and the answers contained herein may be used by the Issuer & Maker,
if necessary, in any court of competent jurisdiction*

## Respondent's Interrogatories for Alleged Creditor

**Notice**: Please Cease and Desist all communications with Respondent unless and until you have accepted and provided proof of claim and under penalty of perjury and in full acceptance of your commercial liability.

This Debt Collector/Creditor Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "*Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition*" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC § 1692g and the Freedom of Information Act 5 USCA § 552, applicable portions of *Truth in Lending* (*Regulation Z*), 12 CFR 226 Contract Disclosure and UCC 1-207, and demands as cited above in Offer of Performance. Debt Collector/Creditor must make all required disclosures clearly and conspicuously in writing re the following:

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**

Respondent: TAMMY RANDLE
Alleged Account No: 4031142200409295
Alleged Amount: $5,949.48
Alleged Creditor: P.N. FINANCIAL

1. NAME OF ALLEGED DEBT COLLECTOR/CREDITOR:

   ...................................................................................................................

2. Address of Debt Collector/Creditor: ..................................

   ...................................................................................................

3. Correct Lawful Name of Living Being, alleged Debtor/Obligor:

4. Are you required to register with the United States Department of Treasury as a financial institution?

5. Please provide the Documents that certify that you are a financial institution registered with the federal government through the United States Department of Treasury.     YES     NO

6. Provide me with your Registered Agent that you are authorized to collect alleged debt

7. Address of alleged Debtor/Obligor:

8. Alleged Account Number:

9. Alleged debt owed:  $_____

10. Date alleged debt became payable:

    ...................................................................................................

11. What is the name and address of the alleged Original Creditor who actually provided funds to the alleged Debtor/Obligor, if different from alleged Debt Collector/Creditor?

**ENCLOSED DOCUMENTATION:**
**AFFIDAVIT AND INTERROGATORIES - CERTIFIED MAIL # 7013 1090 0001 4004 5490**

..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................

12. If Debt Collector/Creditor is different from alleged Original Creditor, does Debt Collector/Creditor have a bona fide affidavit of assignment with the signature of the alleged Debtor/Obligor as an assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor/Obligor? YES
    NO

13. Did Debt Collector/Creditor purchase this alleged account from the alleged Original Creditor?
    YES    NO    N/A (Not Applicable)

14. *Are you the holder of the Original note/contract?*    YES    NO

15. Are you the holder in due course of the Original Note and or Contract and if so please provide front and back copies of the original contract and or note.

16. If applicable, provide the date of purchase of this alleged account from alleged Original Creditor, purchase amount, and a copy of the original transaction:

Date: ............................................................................................................................

Amount: $ ......................................................................................................................

17. Did Debt Collector/Creditor purchase this alleged account from a previous debt Collector/Creditor?
    YES    NO    N/A (Not Applicable)

18. *If applicable, provide the date of purchase this alleged account from previous debt Collector/Creditor,* purchase amount, and a copy of the original transaction:

Date: ............................................................................................................................

Amount: $ ......................................................................................................................

19. Regarding this alleged account, Debt Collector/Creditor is currently the:
    Owner;        (b) Assignee;        (c) Other-explain:

..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................

20. What are the terms of the transfer of rights in re this alleged account?

..................................................................................................................................................................
..................................................................................................................................................................

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

21. If applicable, transfer of rights re this alleged account was executed by the following method:

Assignment;    Negotiation;    Novation;    Other – explain:

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

22. If the transfer of rights re this alleged account was by assignment, was there consideration?

YES   NO   N/A (Not Applicable)

23. What is the nature and cause of the consideration cited in #21 above?

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

24. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?

YES    NO    N/A (Not Applicable)

25. What is the nature and cause of any value cited in #23 above?

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

26. If the transfer of rights re this alleged account was by novation, was consent given by alleged

Debtor/Obligor?    YES    NO    N/A (Not Applicable)

27. What is the nature and cause of any consent cited in #25 above?

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

28. Has the alleged Debt Collector/Creditor provided alleged Debtor/Obligor with the requisite *verification* of

the alleged debt as required by the *Fair Debt Collection Practices Act*?

YES    NO

29. Date said verification cited above in #27 was provided to alleged Debtor/Obligor with official copy and certification that it was sent to alleged Debtor/Obligor:

...............................................................................................

30. Was said verification cited above in #27 in the form of a sworn or affirmed oath, affidavit, or deposition?

YES    NO

31. Verification cited above in #27 was provided alleged Debtor/Obligor in the form of :

OATH    AFFIDAVIT    DEPOSITON

32. Does Debt Collector/Creditor have knowledge of any claim(s)/Defense(s) re this alleged account?

YES    NO

33. What is the nature and cause of any claim(s)/defense(s) re this alleged account?

...............................................................................................................................

...............................................................................................................................

...............................................................................................................................

...............................................................................................................................

34. Does Debt Collector/Creditor receive Letter of Credit Financing from a major financial institution to run its operational budget?                YES    NO

35. Please provide the 1096 and 1098 Tax Returns for this account.

36. Please provide the 1099 OID and the 1099 INT forms for this account.

37. Are you [Alleged Creditor] the payor or the recipient on the 1099 OID forms?        YES    NO

38. Does this account operate as a pooling and servicer agreement?    YES    NO

39. Are you [Alleged Creditor] in this contract serving in the status of a pooler or servicer for the Original Lender?    YES    NO

40. Have you [Alleged Creditor] ever received any benefit from a third party financial institution due to the alleged contract with the alleged obligor?    YES    NO

41. Have you [Alleged Creditor] ever received stocks, bonds, securities or any other commercial items from any third party institutions in respect to the alleged contract with the obligor? YES    NO

42. Are there any stocks, bonds, or securities attached to the contract between you [Alleged Creditor] and the alleged obligor?            YES    NO

43. If the answer to the former question is yes could you please provide the CUSIP number for the said financial instrument?        CUSIP: ...............................................................

44. Is this account connected to any Trust agreements?        YES    NO

45. Please provide the trust account number and the name of the trust and the name of the indentured trustee, who is handling and paying the interest on the certified securities on the Depository Trust Corporation relative to this account.

Trust Account #: .................................... Name of Trust: ............................................

46. Is this account in any way connected to any financial and or securities fraud?        YES    NO

47. Please provide certified copies of the N-8A registration filed pursuant to section 8A of the Investment Company Act of 1940, the 10 K annual report, the S-3 registration statement and the S-4 prospective filed

pursuant to Rule 425 (b) 5 with the Securities and Exchange Commission under section 13 & 15 (d) of the Securities and Exchange Act of 1934 in reference to this account and any certificated or un-certificated stocks, bonds, securities, or other financial instruments associated with this account.

48. Was alleged Debtor/Obligor provided with a loan by Debt Collector/Creditor?   YES   NO

49. If the alleged Debtor/Obligor was provided with a loan does the Debt Collector/Creditor have proof that assets were provided from the financial institution to the alleged obligor. Please provide certified copies, front and back of all documentary proof.

50. Was alleged Debtor/Obligor sold any products/services by Debt Collector/Creditor?   YES   NO

51. What is the nature and cause of any products/services cited above in # 49?
........................................................................................................................................
........................................................................................................................................
........................................................................................................................................
........................................................................................................................................

52. Does there exist, a verifiable, bona fide, original commercial instrument [note or contract] between alleged Debt Collector/Creditor and alleged Debtor/Obligor containing alleged Debtor/Obligor's bona fide signature?   YES   NO

53. What is the nature and cause of any verifiable commercial instrument cited above in # 51?
........................................................................................................................................
........................................................................................................................................
........................................................................................................................................
........................................................................................................................................

54. Does there exist, verifiable evidence of an exchange of a benefit or detriment between Debt Collector/Creditor and alleged Debtor/Obligor?        YES     NO

55. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 53?
........................................................................................................................................
........................................................................................................................................
........................................................................................................................................
........................................................................................................................................

56. Have any charge-offs been made by any creditor or debt Collector/Creditor regarding this alleged account?
          YES     NO

57. Have any insurance claims been made by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

58. Have any tax write-offs been made by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

59. Have any tax deductions been made by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

60. Have any valid judgments been obtained by any creditor or debt Collector/Creditor regarding this alleged account?   YES     NO

61. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract and was full disclosure of the nature of the contract provided to the alleged obligor?   YES        NO

62. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed Legal professional before executing the alleged contract?   YES          NO

63. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit Instrument?   YES        NO

ENCLOSED DOCUMENTATION:
DEBT VALIDATION, AFFIDAVIT AND INTERROGATORIES - CERTIFIED MAIL # 7013 1090 0001 4004 5490

Declaration: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector/Creditor Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief. _Tammy R. Kanelle_

| Date: 8/14/2013 | Printed Name of Signatory: |

_____            _____
Official Title of Signatory            Authorized Signature for Debt
Collector/Creditor

Debt Collector/Creditor must timely complete and return this Debt Collector/Creditor Disclosure Statement, along with all required documents referenced in said Debt Collector/Creditor Disclosure Statement. Debt Collector/Creditor's claim will not be considered if any portion of this Debt Collector/Creditor Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC § 1692, Freedom of Information Act 5 USCA § 552 et seq., and which states in relevant part: "*A debt Collector/Creditor may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt*," which includes "*the false representation of the character, or legal status of any debt*," and "*the threat to take any action that cannot legally be taken*," all of which are violations of law.

If Debt Collector/Creditor does not respond as required by law, Debt Collector/Creditor's claim will not be considered and Debt Collector/Creditor may be liable for damages for any continued collection efforts, as well as any other injury sustained by Maker of this Document. Please allow thirty (30) days for processing after Respondents receipts of Debt Collector/Creditor's response.

Case 3:13-cv-00698-GCM   Document 1   Filed 12/19/13   Page 25 of 27

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Mayfearler_   ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Mary Rivarks          8·19·13

1. Article Addressed to:

P. N- Financial
P.O- Box 1431
Skokie, IL 60076

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)
   7013 1090 0001 4004 5490

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



• Sender: Please print your name, address, and ZIP+4 in this box •

Tammy Randle
615 Fairwood Avenue
Charlotte NC 28303

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

# USPS Tracking™



Customer Service ›
Have questions? We're here to help.

Tracking Number: **70131090000140045490**

Expected Delivery Date: **August 19, 2013**

## Product & Tracking Information

| Postal Product: | Features: | |
|---|---|---|
| First-Class Mail® | Certified Mail™ | Return Receipt |

| | | |
|---|---|---|
| **August 19, 2013 , 11:46 am** | **Delivered** | **SKOKIE, IL 60076** |
| August 19, 2013 , 8:45 am | Available for Pickup | SKOKIE, IL 60076 |
| August 19, 2013 | Depart USPS Sort Facility | PALATINE, IL 60095 |
| August 18, 2013 , 9:58 pm | Processed through USPS Sort Facility | PALATINE, IL 60095 |
| August 18, 2013 | Depart USPS Sort Facility | CAROL STREAM, IL 60199 |
| August 17, 2013 , 5:09 pm | Processed through USPS Sort Facility | CAROL STREAM, IL 60199 |
| August 15, 2013 , 10:21 pm | Processed at USPS Origin Sort Facility | CHARLOTTE, NC 28228 |
| August 15, 2013 | Depart USPS Sort Facility | CHARLOTTE, NC 28228 |
| August 15, 2013 , 6:33 pm | Dispatched to Sort Facility | CHARLOTTE, NC 28204 |
| August 15, 2013 , 3:48 pm | Acceptance | CHARLOTTE, NC 28204 |